UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Cr. No. 09-10142-MLW |
| v. ) | |
| ) | |
| JOHN BURGOS, ) | |
| Defendant. | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                              September 3, 2024

On January 29, 2010, defendant John Burgos pled guilty to conspiracy to distribute at least five grams of cocaine base (21 U.S.C. §§846, 846(b)(1)(B)) and distribution of at least five grams of cocaine base within 1,000 feet of a school (21 U.S.C. §§841(a)(1), 841(b)(1)(B), 860) pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) binding plea agreement. See Dkt. No. 19; Plea Agreement (undocketed).[1] In the plea agreement, the

---

[1] The plea agreement was not docketed. The court requested a copy of the plea agreement from the government and Burgos's trial counsel. The government provided an unsigned copy of the plea agreement, which is attached hereto as Exhibit 1. Burgos's trial counsel did not respond to the court's request and, therefore, does not dispute the accuracy of Exhibit 1. It is this court's regular practice to ask a defendant if he signed the plea agreement after consulting his counsel. In addition, the relevant terms of

parties calculated Burgos's guidelines sentencing range ("GSR") as 70-87 months imprisonment and provided for a sentence of 70 months incarceration, which was to be served consecutive to the seven-year state prison sentence that Burgos was then serving for cocaine trafficking and possessing a firearm without a firearm identification card (the "state drug trafficking sentence"). See Plea Agreement ¶¶4, 5(a).

Probation determined that the parties had incorrectly calculated Burgos's GSR when it prepared the Presentence Report ("PSR"). Specifically, Probation found that Burgos was a "career offender" under U.S.S.G. §4B1.1 due to a juvenile conviction that the parties had not considered. PSR ¶¶39-40, 46-47 (undocketed). As a result, Probation calculated Burgos's GSR as 188-235 months imprisonment. Id. ¶112. At the May 6, 2010 sentencing hearing, the parties agreed that Burgos was a "career offender" and that Probation had correctly calculated his GSR. See Dkt. No. 36 at 4-5, 8-9. The court adopted the PSR without modification. Dkt. No. 28 at 7. Nevertheless, it accepted the parties' binding plea agreement and sentenced Burgos to 70 months incarceration to be served "consecutively to the defendant's state court sentence." Id. at 2.

---

the agreement, as reflected in Exhibit 1, were discussed at Burgos's sentencing hearing. See Dkt. No. 36 at 3-4, 20-22.

Although this sentence constituted a significant downward variance from Burgos's GSR range of 188-235 months imprisonment, the court found that it was sufficient and no more than necessary to serve the purposes of sentencing for two reasons. See Dkt. No. 36 at 22-27. First, since the court imposed the sentence consecutive to Burgos's state drug trafficking conviction, the court expected that Burgos would serve 13 years in total for drug trafficking offenses. See id. at 25. Second, the government informed the court that Burgos had been charged with murder in state court and that state law enforcement possessed a recording in which Burgos allegedly confessed to the killing. See id. at 14-15. Therefore, the court found that a 70-month prison sentence was "sufficient to protect society from the danger that [Burgos] present[ed]" in view of his aggregate 13-year sentence for state and federal drug trafficking offenses, and the expectation that he would be prosecuted for murder. Id. at 25.

Two relevant developments occurred in Burgos's state criminal cases after he was sentenced by this court. First, in November 2010, Burgos was convicted of murder in state court and sentenced to life imprisonment. See Dkt. No. 53 at 2; Dkt. No. 61 at 4. Burgos succeeded in having this conviction vacated on appeal, however, and his sentence was reduced to 15-to-17 years after he pled guilty to manslaughter. See Commonwealth v. Burgos, 470 Mass.

133 (2014); Dkt. No. 53 at 2; Dkt. No. 61 at 4. Second, in 2011, Burgos succeeded in having his state drug trafficking conviction vacated on appeal. See Commonwealth v. Burgos, 79 Mass.App.Ct. 1121 (2011) (unpublished).

As he neared the completion of his sentence for the manslaughter conviction, Burgos asked the federal Bureau of Prisons ("BOP") to credit the time he spent in prison for his state manslaughter conviction toward his 70-month federal sentence in this case. See Dkt. No. 53 at 1. The BOP's authority to "credit" time spent serving a state prison sentence toward a federal prison sentence derives from 18 U.S.C. §3621(b), which states that the BOP "shall designate the place of [a] prisoner's imprisonment . . . whether maintained by the Federal Government or otherwise." If the BOP designates a federal prisoner's place of imprisonment as the state prison where he is serving a state prison sentence, his federal and state sentences run concurrently. See Setser v. United States, 566 U.S. 231, 235 (2012). If the BOP designates a federal facility as the prisoner's place of imprisonment, his federal sentence runs consecutive to his state sentence. See id.

In a letter dated January 19, 2021, the BOP asked the court to clarify whether, considering that Burgos's state drug trafficking sentence had been vacated, it intended the 70-month sentence it imposed in this case to run concurrent with, or

4

consecutive to, Burgos's state prison sentence for manslaughter. See Dkt. No. 53 at 1. On October 22, 2021, the court issued a Memorandum and Order addressing the BOP's letter. Dkt. No. 55. The court recognized that, given the posture of the case, the BOP had the exclusive authority to designate Burgos's place of imprisonment and, in doing so, decide whether his federal sentence would run concurrent with, or consecutive to, the 15-to-17-year sentence he was then serving for manslaughter. See id. at 2-3. However, the court advised that "it would be most consistent with [its] intention at sentencing for the BOP to exercise its authority to require that Burgos serve his federal sentence consecutive to the state sentence for manslaughter." Id. at 3. In that Memorandum and Order, the court also denied Burgos's 2018 pro se motion for sentence reduction, in which he asked the court to grant him retroactive relief pursuant to a 2014 amendment to Guidelines provisions regarding crack cocaine offenses. See id. at 3-5. The court found that Burgos was ineligible for retroactive relief because he was sentenced as a "career offender." See id. at 5.[2]

---

[2] Burgos sought to appeal the court's decision denying his request for retroactive relief. See Dkt. No. 57. However, his appointed counsel moved to withdraw, pursuant to Anders v. California, 386 U.S. 738 (1967), after concluding that there were no non-frivolous issues to appeal. See Dkt. No. 67. On August 2, 2023, the First Circuit allowed the motion to withdraw and affirmed this court's denial of sentencing relief under 18 U.S.C. §3582(c)(2), agreeing that the appeal did not present any non-frivolous issues. See id.

The BOP subsequently denied Burgos's request to retroactively designate the state prison where he served his sentence for manslaughter as the place of imprisonment for the sentence imposed by this court. On November 16, 2022, Burgos completed his state sentence and began serving his federal sentence. According to the BOP, he is currently imprisoned in New Hampshire at FCI Berlin, with an anticipated release date of December 16, 2027.

On October 6, 2022, Burgos filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. Dkt. No. 61. In a supporting memorandum of law, Burgos argues that BOP's decision to have him serve his 70-month sentence consecutive to his 15-to-17-year sentence for manslaughter constitutes a violation of his plea agreement with the government. See Dkt. No. 62 at 2-3.[3] The government opposes the motion, arguing that the BOP's decision to deny Burgos's request for retroactive designation is unrelated to the plea agreement and that, in any event, the BOP's designation decision is unreviewable.[4] See Dkt.

---

[3] Burgos does not distinguish between decisions made by the United States Attorney's Office and the BOP, instead referring to both as the "Government." See Dkt. No. 62 at 2.

[4] The government also argues that even if Burgos's claim were judicially cognizable, the proper vehicle for it is a petition a writ of habeas corpus brought under 28 U.S.C. §2241 rather than a motion brought under 28 U.S.C. §2255. See Dkt. No. 66 at 9. This is correct. See Setser v. United States, 566 U.S. 231, 244 (2012);

No 66 at 8-10. The government's arguments in opposition are meritorious. Therefore, for the two reasons explained below, among others, the court is denying Burgos's §2255 Motion.

First, the BOP's denial of Burgos's retroactive designation request does not constitute a breach of the plea agreement. The plea agreement provided for a 70-month sentence to be served consecutive to Burgos's seven-year sentence for his state drug trafficking conviction. See Plea Agreement ¶5(a). The plea agreement did not address whether Burgos's sentence would be served concurrent with, or consecutive to, any subsequent sentence that Burgos might receive if convicted of murder or manslaughter. See id. "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. §3584(a). Although the court acknowledged the then-pending murder prosecution at Burgos's sentencing hearing, it did not state that Burgos's federal sentence should run concurrently to any sentence imposed if he were convicted of murder in state court. See Dkt. No. 28 at 2; Dkt. No. 36 at 22-27. Therefore, the BOP's decision to deny Burgos's retroactive designation request does not violate the plea agreement.

---

Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999). However, the court need not decide this procedural issue because it is denying Burgos's motion on the merits.

7

Second, the BOP's decision to "designat[e] a place of imprisonment . . . is not reviewable by any court." 18 U.S.C. §3621(b). To the extent that Burgos seeks to directly challenge the BOP's decision to deny his retroactive designation request, this court does not have jurisdiction to decide his claim.

Therefore, in view of the foregoing, Burgos's §2255 Motion (Dkt. No. 61) is hereby DENIED.

                                         /s/ Mark L. Wolf
                                         UNITED STATES DISTRICT JUDGE